UNITED STATES DISTRICT COURT
**WESTERN DISTRICT OF NEW YORK**

TERRY T. SMITH,

                PLAINTIFF,

                                        **VERIFIED COMPLAINT**

VS.

VISION HYUNDAI OF WEBSTER, LLC., VISION AUTOMOTIVE GROUP, VISION ONE MANAGEMENT, DANIEL EDWARDS, INDIVIDUALLY AND AS PRESIDENT AND CEO,

                DEFENDANTS.

---

STATE OF NEW YORK)
COUNTY OF MONROE) SS.:

AS AND FOR HIS COMPLAINT, THE PLAINTIFF, TERRY T. SMITH, BEING DULY SWORN, DEPOSES AND SAYS, BY AND THROUGH HIS ATTORNEYS, AS FOLLOWS:

## STATEMENT OF FACTS

1. I am a citizen of the United States of America, and a resident of County of Monroe and the State of New York. I reside at 15 Ainsworth Lane, Rochester, N.Y. 14624. I am fully familiar with the facts and circumstances set forth herein based upon my own personal knowledge, information and belief.

2. Upon information and belief, the principle place of the Defendants' business is located at the following address: 755 Ridge Road, Webster, N.Y. 14580.

3. I am an African American male and I make this Complaint of Race Discrimination and Retaliation based upon my African American racial heritage and ethnic group in accordance with

Title VII of the Civil Rights Act, as amended.

4. My date of birth is February 22, 1970.

5. I was formerly employed by Mr. Dan Edwards, President and CEO of Vision Hyundai of Webster, LLC., through the Vision Automotive Group, of which, upon information and belief, Mr. Edwards is also President and CEO, as the General Manager of the Vision Hyundai of Webster, LLC., automobile dealership, from on or about May 21, 2015 to on or about January 5, 2018, when I was terminated from said employment as a form of Discrimination based upon my Race as an African American and as a form of wrongful and unlawful Retaliation because I asked my attorney to raise certain employment and financial questions to Mr. Edwards in a letter written to him by my attorney.

6. I was also formerly employed by Mr. Edwards in other automobile dealerships owned by him in various management capacities.

7. Upon information and belief, at all times during my employment with the Defendants, I performed my various jobs in a satisfactory, if not better than satisfactory manner.

8. During the course of my employment with the Defendants, I was also informed by Mr. Edwards, on more than one occasion, that I was to be his "Minority" partner in the setting up of the Vision Hyundai of Webster, LLC dealership.

9. At all times during the setting up process, I was informed by Mr. Edwards, that as a "Minority" partner I was considered to be a 51% owner of said automobile dealership. Mr Edwards represented to me that, as such, my Minority 51% share of the ownership of the franchise was consistent with other automobile dealerships with "Minority" partners.

10. In said context, Mr. Edwards asked me to join the National Association of Minority Dealers,

("NAMAD"), which I paid for out of my own pocket and for which I was reimbursed by Mr. Edwards.

11. Upon information and belief, and as represented to me by Mr. Edwards, the establishment of a "minority" dealership with Hyundai, was going to be financially advantageous to Mr. Edwards, as well as myself, because as a "Minority" dealership there was going to be a waiver or discounted cost to Mr. Edwards to open such a dealership.

12. Thereafter, when I asked for documentation of my status as a "Minority" owner, after numerous requests, I was provided with certain financial and contractual documentation between Mr. Edwards, Vision Hyundai of Webster, LLC., and the national Hyundai of America Corp., that showed that I was listed as only a 10% partner, with Mr. Edwards having a 90% partnership interest, and not the 51% owner that he led me to believe that I was.

13. Upon further inquiry, it turned out that all of the documentation which Mr. Edwards provided to me included not one piece of alleged documentation which was signed or executed by me.

14. All of said documentation was unilaterally created by Mr. Edwards, without my knowledge and consent.

15. At all times during my tenure with Mr. Edwards, I reasonably believed and relied upon his representations, to my detriment, that I was a 51% owner, and not a 10% owner.

16. As a result of these misrepresentations made by Mr. Edwards to me, and to others, including but not limited to the national Hyundai of America Corporation, as aforesaid, I retained an attorney to write a letter to Mr. Edwards.

17. I directed that said attorney's letter seek resolution and clarification of my concerns about

being a "minority" owner, about my actual partnership share of the business, wherein I was also employed in, that is, Vision Hyundai of Webster, LLC, and related economic concerns.

18. Said letter from my attorney was dated December 28, 2017, and upon information and belief, Mr. Edwards received said letter in the U.S. Mail, on or about January 2, 2018.

19. I was asked to speak with Mr. Edwards immediately after he received said letter, and on or about January 5, 2018, Mr. Edwards informed me that I was terminated from my position as General Manager of Vision Hyundai of Webster, LLC, effective immediately.

20. At the time he terminated me, Mr. Edwards informed me that the reason that I was being terminated was because he received a letter from my Attorney, and then he stated that, "I'm letting you go because I can't have you here if you're suing me."

21. I was not suing him at said time, but I was concerned, *inter alia*, about the way I was being treated, as an African American manager, differently from the Caucasian managers employed by Mr. Edwards.

22. At the time of my termination, I was earning in excess of $100,000.00, per year, plus certain additional benefits, such as a car, gasoline, health insurance, and a life insurance policy, all of which were immediately removed from me.

23. At all times, it is my position that I was a satisfactory, if not better than a satisfactory performer as General Manager of the business.

24. I started working for Mr. Edwards in various capacities, such as Used Car Manager and Sales Manager, and General Manager of Vision Ford and Vision Hyundai of Henrietta, leading up to my appointment as General Manager of Vision Hyundai Webster, in May, 2015. I commenced working for Mr. Edwards in the several other capacities set forth above in or about June, 2002.

25. It is my position that my termination from employment is in direct Retaliation for my calling into question the questionable ways Mr. Edwards was dealing with my "minority" partnership, the amount and value of my partnership share, and my concerns that I was being discriminated against as being an African American male.

26. I asked Mr. Edwards at the time of my termination if he had received a letter approving said termination from Hyundai Motor of America, which was required under the Dealer Agreement.

27. Mr. Edwards informed me that he had no such letter and he said that he didn't need one.

28. It is further my position that the absence of a letter from the national corporation, approving my termination as General Manager of the dealership, is in breach of my contractual rights by reason of my being an African American individual.

29. Additionally, Mr. Edwards failed to provide me with proper U.S. income tax forms, such as Partnership K-1 Forms, for several years prior to my termination.

30 This caused me to file incorrect or incomplete personal and joint income tax returns with my spouse to our financial detriment, depriving me of the proper documentation and financial benefits of my partnership bargain for both tax and economic reasons which Mr. Edwards took for himself alone.

31. This was one of the expressed issues which I asked my Attorney to address in his December 27, 2017, letter which he did.

32. As aforesaid, Mr. Edwards' response was to terminate my employment effective immediately, to inform me not to come back to the dealership anymore to work, and to deny that I was ever a "minority" partner.

33. It is my contention, among others, that Mr. Edwards in his capacity as President and CEO,

falsified and filed with the IRS financial and contractual documents which were untrue.

34. Mr. Edwards never shared this information with me and he did all of said filing with the IRS, etc., behind my back.

35. After my termination, Mr. Edwards has tried to concoct false reasons for my termination including but not limited to alleged poor performance by me with regard to "sales efficiency" numbers in the Hyundai network of dealerships.

36. Prior to my termination, I had been working diligently on improving said "sales efficiency" numbers and I was improving them.

37. Nonetheless, I was terminated, as aforesaid, and I was not provided with the time necessary to complete my work towards improving said numbers even further.

38. In this regard, it is further my contention that as an African American manager for Mr. Edwards, I was treated differently than Caucasian managers, with regard to "sales efficiency," among other reasons, which is further evidence and basis for my claims of Race Discrimination in employment, which were exacerbated by reason of my Termination/Retaliation when he received a letter from my Attorney which I authorized.

39. I duly filed a Charge of Employment Discrimination and Retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"), File No. 525-2018-00855, on or about April 23, 2018.

40. After the expiration of more than 180 days, I requested through my attorney, and received a Ninety (90) Day Right to Sue Letter, dated November 29, 2018.

## AS AND FOR A FIRST CAUSE OF ACTION

41. Plaintiff repeats and re-alleges the allegations made in paragraphs 1-40, as if fully set forth herein.

42. The facts as set forth herein constitute a willful violation of the U.S. Title VII of the Civil Rights Act, as amended, 42 U.S. C. 2000e, et seq., prohibiting race discrimination in employment.

43. I have suffered mental and emotional distress, embarrassment and humiliation and loss of reputation, by reason of the aforesaid unlawful activity by the Defendants.

44. I have also suffered and continue to suffer monetary damages as a result, both compensatory and economic, for which I seek recompense.

## AS AND FOR A SECOND CAUSE OF ACTION

45. Plaintiff repeats and re-alleges the allegations made in paragraphs 1-44, as if fully set forth herein.

46. The facts as set forth herein constitute a further willful violation of the U.S. Title VII of the Civil Rights Act, as amended, 42 U.S.C. 2000e, et seq., prohibiting Retaliation by reason of Race.

## AS AND FOR A THIRD CAUSE OF ACTION

47. Plaintiff repeats and re-alleges the allegations made in paragraphs 1-46, as if fully set forth herein.

48. The facts as set forth above, constitute a breach of contract between Mr. Edwards, and all of the other entities named as Defendants herein, and myself depriving me of my rightful status as a "Minority" owner of the automobile dealership operating as Vision Hyundai of Webster LLC.

49. I have suffered and continue to suffer economic damages by reason thereof.

## AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiff repeats and re-alleges the allegations made in paragraphs 1-49, as if fully set forth herein.

51. The facts as set forth herein constitute a violation of the equitable principles of Promissory and/or Equitable Estoppel by reason of the deliberate and false misrepresentations made to me by the Defendants, Mr. Edwards, *inter alia,* that I was to be a 51% minority owner of the Webster automobile dealership and that I would receive all of the financial benefits which would accrue to me therefrom which I failed to receive.

52. I hereby demand a trial by jury of any and all claims set forth herein cognizable thereby.

**WHEREFORE**, the undersigned Plaintiff, and your deponent herein, seeks an Order and Judgment of this Court providing me with all of the compensation and benefits due to me under the laws as set forth herein flowing from the Unlawful Discrimination and Retaliation in employment, based upon my Race as an African American male, compensation for the economic

losses I've sustained, compensation for the mental distress and anguish, and pain and suffering that I've experienced, punitive damages to the fullest extent available in law for the willful and intentional violations of laws involved herein, my attorney's fees and the costs and disbursements of these proceedings, and for such other and further relief as shall be deemed just and proper.

_____
TERRY T. SMITH

**SWORN TO BEFORE ME**
**THIS** 4TH **DAY OF JANUARY, 2019.**

_____
**NOTARY PUBLIC**

THEODORE S. KANTOR
Notary Public, State of New York
Monroe County
Commission Expires May 31, 2024

**BILGORE, REICH & KANTOR, LLP**

BY: _____
**THEODORE S. KANTOR, ESQ.**
**ATTORNEYS FOR PLAINTIFF**
16 East Main Street
950 Reynolds Arcade Building
Rochester, N.Y. 14614
(585) 262-4700

9